IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES H. BREWER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-870 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Charles Brewer asserts a medical malpractice claim against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671 *et seq*. The United States moves to dismiss under Federal Rules of Civil Procedure 12(b)(3), contending that venue is improper in the Southern District of Texas. (Docket Entry No. 9). It alternatively moves to transfer to the Western District of Louisiana, where the majority of the events giving rise to this claim occurred, citing 28 U.S.C. § 1402(b). Mr. Brewer has not responded to the motion.

When a defendant raises improper venue, the plaintiff has the burden to prove that the chosen venue is proper.[1] *Psarros v. Avior Shipping, Inc.,* 192 F. Supp. 2d 751, 753 (S.D. Tex. 2002). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v.*

---

[1] District courts in this circuit are divided over which party bears the burden of proof with regard to venue after a Rule 12(b)(3) motion has been made. *Compare Duke Energy Int'l LLC., v. Napoli*, 748 F. Supp. 2d 656, 682 (S.D. Tex. 2010), *Sanders v. Seal Fleet, Inc.*, 998 F. Supp. 729 (E.D. Tex. 1998), *and Bounty–Full Entm't, Inc. v. Forever Blue Entm't Group, Inc.*, 923 F. Supp. 950 (S.D. Tex. 1996) (all holding that a movant moving to dismiss under Rule 12(b)(3) bears the burden of showing improper venue), *with Clemons v. WPRJ, LLC*., 928 F. Supp. 2d 885, 897 (S.D. Tex. 2013), *American General Life Ins. Co. v. Rasche*, 273 F.R.D. 391, 396 (S.D. Tex. 2011), *Langton v. Cbeyond Commc'n, L.L.C.*, 282 F. Supp. 2d 504 (E.D. Tex. 2003) (holding that the plaintiff bears the burden once a motion dismiss for improper venue has been made). Under either framework, the United States has satisfied its burden showing venue is improper.

*Modec (USA), Inc.,* 240 F. App'x 612, 615 (5th Cir. 2007) (citing *Murphy v. Schneider Nat'l, Inc.,* 362 F.3d 1133, 1138 (9th Cir. 2004)). To prevail on a motion to dismiss for improper venue, a defendant must present facts that will defeat the plaintiff's assertion of venue. *Id.* "When deciding a Rule 12(b)(3) motion to dismiss for lack of venue, the court may consider extrinsic evidence." *Smith v. U.S. Investigations Servs., Inc.,* No. Civ. 04-0711, 2004 WL 2663143, *1 n.1 (D.D.C. Nov. 18, 2004); *see also Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 324 (9th Cir. 1996); *Moore v. AT & T Latin America Corp.,* 177 F. Supp. 2d 785, 788 (N.D. Ill. 2001); *ESI, Inc. v. Coastal Power Prod. Co.,* 995 F. Supp. 419, 422 (S.D.N.Y. 1998). Federal Rule of Civil Procedure 12(b)(3) allows a case to be dismissed for improper venue. FED. R. CIV. P. 12(b)(3); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

Charles Brewer alleged that venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(e) because he was a part-time resident of the district when the events occurred. (Docket Entry No. 1 at 2). The venue provision for claims under the Federal Tort Claims Act is found at 28 U.S.C. § 1402(b), which states that "[a]ny civil action on a tort claim against the United States . . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission occurred." 28 U.S.C. § 1402(b).

Mr. Brewer currently resides in Dallas, Texas, in the Northern District of Texas. (Docket Entry No. 1 at ¶ 2). He has alleged that the medical malpractice that caused his injuries occurred mostly in Shreveport, Louisiana and, to a lesser extent, Dallas, Texas. (*Id.*; Docket Entry No. 9, Exs. 1, 3, 4). Venue is improper in the Southern District of Texas. *See* 28 U.S.C. § 1402(b).

Because venue is improper in this district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Mr. Brewer has not responded to the motion to argue that transfer, rather than dismissal, is in the interest of justice. The United States' motion to dismiss is granted without prejudice. (Docket Entry No. 9).

SIGNED on June 19, 2017, at Houston, Texas.

                                                   Lee H. Rosenthal
                                          Chief United States District Judge